ORIGINAL

FILED
JAN 1 2 2007
U.S. COURT OF FEDERAL CLAIMS

**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

| | |
|---|---|
| MCKING CONSULTING CORPORATION,<br><br>Plaintiff,<br><br>v.<br><br>THE UNITED STATES OF AMERICA,<br><br>Defendants. | No. 07-17 C<br><br>Judge: ________________ |

**COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF**

Plaintiff McKing Consulting Corporation ("McKing"), through its undersigned counsel, files this Complaint for Declaratory and Injunctive Relief against Defendant, the United States of America, acting through the Human Resources and Services Administration ("HRSA") of the Department of Health & Human Services ("DHHS" or "Agency") in connection with the issuance of Request for Proposals No. TA SERVICES MCHB-DLC ("the RFP" or "the Solicitation") on or about December 22, 2006. The requirements being procured involve the provision of technical assistance support services for the Maternal and Child Health Bureau's Head Start Regional Oral Health Experts.

McKing protests the Agency's decision to procure the follow-on Head Start technical assistance support services requirements through a small business set-aside. This is the Agency's third attempt to procure the relevant services; prior, aborted attempts have proved to be contrary to applicable statute and regulation. In the current iteration of this competition for the relevant follow-on services, DHHS attempts to circumvent the statutory requirement for full and open competition as set forth in the Competition in Contracting Act ("CICA"), 41 U.S.C. §§ 253 *et seq.*, and in FAR Parts 7 and 10.

## JURISDICTION

1. This Court has jurisdiction to hear this action pursuant to 28 U.S.C. § 1491(b).

2. Plaintiff McKing is a professional services corporation with its principal place of business located at 2810 Old Lee Highway, Suite 250; Fairfax, Virginia 22031-4376.

3. Defendant is the United States, acting by and through DHHS/ HRSA.

## FACTS

### The Incumbent Contract

4. McKing is a minority- and woman-owned professional services corporation certified to participate in the U.S. Small Business Administration's 8(a) program until May 18, 2010. McKing provides a variety of information technology and general and specialized management consulting and technical assistance support services to numerous Federal Government clients, to a number of States under its Federal contracts, and to private sector clients, both for-profit and nonprofit.

5. McKing is the incumbent contractor. It has been providing logistical management support services for the Maternal and Child Health Bureau's Head Start Regional Oral Health Experts (the exact same services that are the subject of this protest) pursuant to Contract No. HHSH240550061 for more than two years. McKing's incumbent contract has been extended beyond its September 2006 expiration until a successful re-procurement of the required services is conducted.

**The Strategic Sourcing Initiative ("SSI")**

6. The SSI was implemented by the Office of the Secretary for Administration and Management ("OSAM") of DHHS. The purpose of the policy is to reduce operational costs by using Blanket Purchase Agreements ("BPA") with vendors to receive discounts.

7. The Government is a high-volume consumer of goods and services; as such, the SSI was implemented to lower prices paid by government agencies by using the purchasing leverage such mass quantities entail. *See* "Implementing Strategic Sourcing," Memorandum for Chief Acquisition Officers; Clay Johnson III; May 20, 2005; http://www.whitehouse.gov/omb/procurement/comp_src/implementing_strategic_sourcing.pdf (last visited October 5, 2006) (Ex. A)

8. The Office of Management and Budget ("OMB") has placed quotas on agencies to use strategic sourcing. OMB requires that each Chief Acquisition Officer ("CAO") "shall identify no fewer than three commodities that could be purchased more effectively and efficiently through the application of strategic sourcing." The OMB further requires that "annual strategic sourcing goals and objectives" are set, and "measures and reporting requirements" are made in order to ensure strategic sourcing goals are met.

9. The purpose of the SSI, to reduce operational costs, parallels the purposes of the Competition in Contracting Act ("CICA"), 41 U.S.C. § 253. The dual purposes of the full and open competitive procedures are: (1) to ensure that a procurement is open to all responsible sources, and (2) to provide the government with the opportunity to receive fair and reasonable prices. Ultimately, the result of full and open competition is "the lowest overall cost meeting government needs" by a responsible source. This goal is shared by the SSI.

10. The SSI is not a replacement for or an exception to CICA. The requirements for full and open competition established by CICA are paramount.

**The First Contract Award**

11. In its initial attempt to procure the follow-on services to McKing's contract for technical assistance support services for the Maternal and Child Health Bureau's Head Start Regional Oral Health Experts, DHHS awarded improperly Contract No. HHSH240F5806 on September 28, 2006 to Professional and Scientific Associates, Inc. ("PSA"), pursuant to its events management BPA, so that DHHS might get credit towards its SSI goals. The procurement was restricted to four events management BPA holders, including PSA, and was not conducted pursuant to full and open competition, as required by CICA.

12. The terms of the underlying Solicitation No. 06-S240-0517-SS rendered McKing ineligible to bid on the contract, as the bidding was open only to BPA holders.

13. The solicitation was comprised of the same work currently being performed by McKing pursuant to Contract No. HHSH240550061.

14. On October 6, 2006, McKing protested the award to PSA at the U.S. Government Accountability Office ("GAO"). After filing a motion with this Court to enjoin DHHS' override of the automatic CICA stay of performance, on November 22, 2006, McKing re-filed its protest against the award to PSA at the COFC. On November 27, 2006, the Government took corrective action, terminating the improper award to PSA.

15. There is no evidence whatsoever that the Agency completed the requisite advance planning and analysis to determine that SSI was the appropriate procurement mechanism for the follow-on work.

**DHHS' Second Attempt at a Follow-On Procurement**

16. On December 12, 2006, DHHS published a pre-solicitation notice in FedBizOpps describing its acquisition of the follow-on technical assistance support services for the Maternal and Child Health Bureau's Head Start Regional Oral Health Experts as a small business set-aside restricted to GSA MOBIS Schedule contract holders. (Ex. B).

17. On December 13, 2006, McKing sent a letter to the HRSA Contracting Officer stating, among other things, that it was inappropriate to restrict the noticed procurement to small businesses, as doing so would prohibit McKing's participation. McKing asserted that restricting competition in this way served neither the beneficiaries of the Head Start program, as McKing is unequivocally the contractor most qualified to perform the work, nor DHHS' socio-economic programmatic goals because it is not in DHHS' interest to restrict artificially the participation of minority-owned, 8(a), and woman-owned businesses in the procurement process. McKing requested that HRSA reconsider its decision to set aside the above-referenced procurement for small business.

18. Subsequently, HRSA withdrew the pre-solicitation notice.

**The Third Attempt at a Follow-On Procurement**

19. On December 22, 2006, HRSA published Request for Proposals No. TA SERVICES MCHB-DLC in FedBizOpps. (Ex. C). Unlike the previously withdrawn December 12, 2006 pre-solicitation notice, the new Solicitation is not a FAR Part 8 procurement, but is instead a small business set-aside under NAICS Code 541611 and is being conducted pursuant to FAR Part 15.

20. The Solicitation calls for the award of a cost plus fixed fee contract for a seven month base period with four one-year options. (Ex. C, at B.2.). Proposals are to be evaluated

on the basis of technical expertise and approach, past performance, and cost. *Id.* at Section M. DHHS reserved the right to make award without discussions. *Id.* at L.10.

21. DHHS was aware prior to the issuance of the Solicitation that McKing would be ineligible to compete for work that was set aside for small businesses, just as it was ineligible to compete when the work was first awarded pursuant to the SSI program.

22. Given the Agency's failure to conduct the appropriate acquisition planning required by SSI, it is unlikely that DHHS conducted the requisite market research and other acquisition planning required by CICA prior to determining to conduct the follow-on procurement for the technical support services as a small business set-aside.

23. Offeror's are required to submit their proposals by 10:00 a.m. EST on January 22, 2007. *Id.* at L.1.3.

**COUNT I**

**HRSA Use of a Small Business Set-Aside Violates the Fundamental Requirements of the Competition in Contracting Act**

24. McKing hereby incorporates by reference the allegations in the foregoing paragraphs as if fully set forth herein.

25. Prior to issuing Request for Proposals No. TA SERVICES MCHB-DLC, in accordance with CICA, 41 U.S.C. §253 *et seq.*, and FAR Parts 7 and 10, DHHS was required to perform mandatory and specific acquisition planning and market research to determine the appropriate procurement mechanism to employ to best achieve the Agency's goals.

26. Had DHHS engaged in the statutorily mandated advance acquisition planning, not only would it have concluded that a small business set-aside was neither an appropriate nor an effective acquisition methodology in this instance, but it would not have expended resources, and caused McKing to do the same, on improper and ultimately aborted procurement attempts

for the follow-on Head Start technical assistance support services. Because McKing is an available, appropriate, qualified, and cost-effective source for the follow-on services, there is no legitimate justification for restricting competition in any way, let alone in a manner that would render McKing ineligible to participate.

27. By issuing Request for Proposals No. TA SERVICES MCHB-DLC as a small business set-aside, especially because it was well-aware that doing so would render McKing ineligible to compete, HRSA has failed to adhere to the full and open competitive procedures required by CICA, 41 U.S.C. §253 *et seq.*, has attempted to procure improperly the Head Start technical assistance support services through the use of a small business set-aside, and has restricted improperly McKing, the incumbent contractor, from bidding on the follow-on work.

**COUNT II**
**HSRA's Conduct of the Procurement is Arbitrary and Capricious**

28. McKing hereby incorporates by reference the allegations in the foregoing paragraphs, as if fully set forth herein.

29. By failing to comply with the requirements for full and open competition and by issuing Request for Proposals No. TA SERVICES MCHB-DLC as a small business set-aside, DHHS has failed to adhere to applicable statutory and regulatory requirements set forth in CICA, 41 U.S.C. §253 *et seq.*, and FAR Parts 7 and 10, and has failed to comply with the fundamental requirements for advance acquisition planning and market research. It is clear that restricting the competition for the follow-on Head Start technical assistance support services is neither consistent with the competition requirements and procurement norms nor with the mission of the Agency in satisfying its requirements.

30. Moreover, restricting the competition and thereby precluding the participation of McKing, a minority-owned, 8(a), and woman-owned businesses, is neither consistent with the socio-economic programmatic goals of either DHHS or the Government as a whole.

31. Under these circumstances, it was arbitrary and capricious for DHHS to issue Request for Proposals No. TA SERVICES MCHB-DLC as a small business set-aside.

WHEREFORE, McKing requests that it be granted the following relief:

1. Pursuant to statute, a preliminary injunction preventing DHHS from proceeding with a contract award under Request for Proposals No. TA SERVICES MCHB-DLC pending resolution of this action.

2. A declaration that limiting competition to a small business set-aside pursuant to Request for Proposals No. TA SERVICES MCHB-DLC is illegal as it is contrary to the terms of the FAR, and CICA, 41 U.S.C. § 253 *et seq.*, and is arbitrary, capricious, and without rational basis.

3. A permanent injunction that precludes the Agency from proceeding with a contract award under Request for Proposals No. TA SERVICES MCHB-DLC.

4. Such other relief as the Court deems just and proper.

Dated: January 12, 2007

Respectfully submitted,

Jessica C. Abrahams
McKENNA LONG & ALDRIDGE LLP
1900 K Street, N.W.
Washington, DC 20006
Tel: (202) 496-7500
Fax: (202) 496-7756

Counsel of Record for Plaintiff McKing Consulting Corporation

Of Counsel:

Shari L. Klevens
Jennifer M. Morrison
McKenna Long & Aldridge LLP
1900 K Street, N.W.
Washington, DC 20006
(202) 496-7500

DC:50454452.1