IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | |
|---|---|
| MCKING CONSULTING CORPORATION,<br><br>Plaintiff,<br><br>v.<br><br>THE UNITED STATES OF AMERICA,<br><br>Defendant. | No. 1:07-CV-017<br><br>Judge: Lawrence J. Block |

**MEMORANDUM IN SUPPORT OF MCKING CONSULTING CORPORATION'S MOTION FOR LEAVE TO FILE FIRST AMENDED COMPLAINT**

Plaintiff McKing Consulting Corporation ("McKing" or "Plaintiff") respectfully submits this memorandum in support of its Motion for Leave to File First Amended Complaint. McKing seeks leave to add claims based on facts discovered in the Administrative Record, which was produced on January 26, 2007 in accordance with this Court's order, after Plaintiff already filed its original complaint. The factual and legal support for McKing's position are set forth below.

## I. STATEMENT OF FACTS

This pre-award bid protest, pursuant to 28 U.S.C. § 1491(b) (2006), arises out of the Solicitation issued by the Human Resources and Services Administration ("HRSA") of the Department of Health and Human Services ("DHHS" or "Agency") for technical assistance support services for the MCH/Head Start Regional Oral Health Expert Logistics Management Program with respect to Solicitation No. TA SERVICES MCHB-DLA ("Solicitation"). McKing challenges the Agency's decision to set aside for small businesses the follow-on technical assistance support services. Plaintiff filed its complaint on January 12, 2007. On January 26, 2007, the Government produced the Administrative Record in support of the protested

procurement action. The Record provides evidence of additional violations of law and bases for further claims for relief to be requested by the Plaintiff, of which Plaintiff could not have otherwise known. For this reason, McKing now seeks to amend its complaint to add these additional claims.

## II. ARGUMENT

Rule 15(a) of the Federal Rules of Civil Procedure declares that leave to amend "shall be freely given when justice so requires." Fed. R. Civ. P. 15(a). The Supreme Court has held that, "[i]f the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits." *Foman v. Davis* 371 U.S. 178, 182 (1962). The leave sought should be freely given in the absence of any apparent reason, such as bad faith, dilatory motive or undue delay. *Id; see also ATK Thiokol, Inc. v. U.S.*, 72 Cl. Ct. 306, 313-14 (Fed. Cl. 2006). There are no facts in this case which outweigh this policy of liberally allowing amendments.

Courts have found that where the basis of an amendment arose during the course of ongoing discovery, this precludes a finding that the amendment was asserted in bad faith. *See Siemens Aktiengesellschaft v. U.S.*, 26 Cl. Ct. 312, 313 (Fed. Cl. 1992). In this case, Plaintiff seeks leave to amend its complaint due to new facts that have come to light during the course of discovery. After Plaintiff filed its complaint, the Government produced the Administrative Record in this action. Upon review of the Record, Plaintiff discovered facts that give rise to a new cause of action for violation of the Procurement Integrity Act, 41 U.S.C. § 423 (2006). McKing now seeks to amend its complaint for the first time to add this cause of action and these newly discovered supporting facts.

There has been no undue delay in bringing this motion as the Administrative Record was only recently produced. After prompt review of the Record, McKing prepared and filed this motion to amend its complaint. Defendants are not unduly prejudiced because there is substantial time before both the submission of Defendant's own motion for judgment on the record and the scheduled hearing on the merits. Because only limited, additional discovery will be required in relation to this new claim, there is adequate time for the parties to address the issues newly raised.[1]

For the foregoing reasons, McKing requests that the Court grant its request for leave to amend the complaint.

Respectfully submitted,

JESSICA C. ABRAHAMS

s/Jessica C. Abrahams
McKENNA LONG & ALDRIDGE LLP
1900 K Street, N.W.
Washington, DC 20006
Tel: (202) 496-7500
Fax: (202) 496-7756

Counsel of Record for Plaintiff McKing
Consulting Corporation

Of Counsel:

Daniel E. Johnson
Shari L. Klevens
Jennifer M. Morrison
McKenna Long & Aldridge LLP
1900 K Street, N.W.
Washington, DC 20006
(202) 496-7500
Dated: February 14, 2007

---

[1] Plaintiff's request for discovery on this new claim is addressed in Plaintiff's Motion for Limited Discovery, filed herewith.